[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 17, 2006
THOMAS K. KAHN
CLERK

No. 05-15588
Non-Argument Calendar

_____

D. C. Docket No. 04-20174-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ARTURO GIRALDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 17, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

This is Jorge Giraldo's second appeal from his 57-month sentence, which was imposed after he pled guilty to importing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a), 960(b)(2). On March 27, 2005, we vacated

Giraldo's sentence after concluding that the government had not met its burden to show that the district court's Booker[1] non-constitutional error was harmless. See United States v. Giraldo, 132 Fed. App'x 800 (11th Cir. 2005) ("Giraldo I"). Pursuant to our remand instructions in Giraldo I, the district court conducted a resentencing hearing at which the parties presented arguments on the applicability and effect of the sentencing factors enumerated in 18 U.S.C. § 3553(a).

Based on Giraldo's adjusted base offense level of 25 and his criminal history category I, he faced an advisory Guidelines range of 57 to 71 months' imprisonment, which, in Giraldo I, we noted the district court correctly determined. Id. at 806 n.6. At the resentencing hearing, Giraldo argued that the § 3553(a) factors supported a three-year sentence because: (1) he was involved in the transportation of heroin, rather than its distribution, and therefore, he was less culpable; (2) he had no prior criminal history; (3) he had strong family ties and his children had been forced to discontinue their education as a result of his incarceration; (4) upon release from prison, he likely would face deportation to Colombia; and (5) a 3-year sentence would be sufficient to promote respect for the law given that he has never been imprisoned before. In addition to hearing these

---

[1]United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

arguments, the district court reviewed a letter written by Giraldo's son and heard Giraldo's statement expressing his repentance and asking for forgiveness.

The government argued that a 57-month sentence was reasonable, in light of Booker and the § 3553(a) factors, because the sentence was at the low end of the Guidelines range and Giraldo transported nearly one kilogram of heroin into the United States. The government also highlighted the importance of consistency among sentences for similar types of crimes.

After hearing the parties' arguments and expressly acknowledging that the Guidelines were advisory in nature, the district court again sentenced Giraldo to 57 months' imprisonment followed by three years' supervised release. The court indicated that it had considered the parties' statements, the PSI, and the factors set forth in 18 U.S.C. § 3553(a). This appeal, Giraldo II, followed.

Based on our careful review of the record, and in particular the transcript of the resentencing hearing, we conclude that Giraldo's sentence was reasonable, in light of the § 3553(a) factors and the advisory Guidelines range. The district court explicitly stated that it considered Giraldo's arguments from the resentencing hearing and the § 3553(a) factors. Contrary to Giraldo's argument on appeal, the district court was not required to enumerate or discuss, as part of its sentencing scheme, every § 3553(a) factor. See United States v. Scott, 426 F.3d 1324, 1329

3

(11th Cir. 2005) (holding that although the district court must be guided by the §

3553(a) factors, "nothing in Booker or elsewhere requires the district court to state

on the record that it has explicitly considered each of the § 3553(a) factors or to

discuss each of the § 3553(a) factors"). "[A]n acknowledgment by the district

court that it has considered the defendant's arguments and the factors in section

3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786

(11th Cir. 2005). Moreover, the district court sentenced Giraldo to the lowest end

of the Guidelines range. Cf. id. at 878-88 (observing that although a sentence

within the advisory Guidelines range is not per se reasonable, we ordinarily expect

such a sentence to be reasonable). On this record, Giraldo has not met his burden

to establish that his sentence was unreasonable.

**AFFIRMED.**